IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE AGUILAR ORANTES, | : | Civil No. 3:18-cv-1037 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| USP-LEWISBURG FOOD ADMINISTRATOR, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. Background

Plaintiff Jose Aguilar Orantes ("Orantes"), an inmate who was housed at all relevant times at the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are USP-Lewisburg Food Administrator, Food Staff Worker, and Medical Department Staff Worker. For the reasons set forth below, the Court will dismiss the action against the Defendants pursuant to Federal Rule of Civil Procedure 4(m).

### II. Discussion

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made

an enlargement of time to serve the Defendants. *See McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (noting that good cause is generally established when a plaintiff moves for an extension of time before the expiration of the 120-day service period[1]). Based upon the lack of any reasonable explanation for his failure to adhere to the requirements of Rule 4, the Court finds that Orantes failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendants within ninety days, a district court may either dismiss the defendant, or exercise its discretion to order that service be made within a specific time. *Petrucelli*, 46 F.3d at 1305; *see also* FED. R. CIV. P. 4(m). After the expiration of the ninety-day time period set forth in Rule 4(m), the Court notified Orantes that the action against the Defendants was subject to dismissal, and directed him to show cause why the action against the Defendants should not be dismissed pursuant to Rule 4(m). (Doc. 16). Orantes failed to respond to the Court Order and the time for responding has now passed. It is Orantes' responsibility to properly identify all Defendants, and provide accurate mailing addresses for the Defendants, in a timely fashion. (*See* Doc. 10 ¶ 6) (advising Orantes that failure to properly name a Defendant, or provide an accurate mailing address for a Defendant, may result in dismissal of the claims against that Defendant pursuant to Federal Rule of Civil Procedure 4(m)).

---

[1] Rule 4(m) was amended on December 1, 2015 to reduce the presumptive time for serving a defendant from 120 days to 90 days. *See* FED. R. CIV. P. 4(m).

3

> within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The Defendants, USP-Lewisburg Food Administrator, Food Staff Worker, and Medical Department Staff Worker, were named in the complaint that was filed on April 11, 2018 and, to date, have not been identified or served in this case. The Court must engage in a two-step process in determining whether to dismiss the non-served Defendants or grant Orantes additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

In the present matter, Orantes failed to establish good cause. Orantes' *pro se* status is not good cause to excuse his failure to timely identify and serve the Defendants. *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004). Additionally, Orantes failed to request

2

In light of Orantes' lack of good faith effort to identify or serve the Defendants despite this Court's warning of the possible consequences, including dismissal, the Court concludes that dismissal is appropriate under the present circumstances.

### III. **Conclusion**

The Court will dismiss the action against the unidentified, non-served Defendants pursuant to Federal Rule of Civil Procedure 4(m).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June 3, 2020